297 P.2d 930

John D. SINGH, Appellant,

v.

The STATE LAND COMMISSIONER, STATE LAND DEPARTMENT, State of Arizona, Appellee.

No. 6102.

Supreme Court of Arizona.

May 29, 1956.

344

Edward E. Williams and Andrew L. Bettwy, Phoenix, for appellant.

Robert Morrison, Atty. Gen., and Herbert B. Finn, Special Asst. Atty. Gen., for appellee.

LA PRADE, Chief Justice.

Pursuant to an order of the State Land Commissioner dated March 24, 1954, sealed bids were solicited with respect to certain state lands available for leasing in Yuma County. Of the three eligible applicants, two, John D. Singh, appellant herein, and J. Lloyd Brown, submitted sealed bids within the time prescribed in the notice. Appellant's bid, proper in every respect, was in the sum of $331. Brown submitted an original bid on the proper form in the amount of $182.33, but neglected to place the number of the bid on the outside of the envelope containing the bid as required by the regulations of the State Land Department. His name and the words "Sealed Bid", however, appeared conspicuously on the face of the envelope. Subsequent thereto, but prior to the expiration of the time in which such bids could be made, Brown sent the Department a letter, referring to the docket number assigned to the land in question, increasing his original bid to $345.08. This bid was not made on the official form designated

by the Land Department for the submission of bids relating to the leasing of state lands.

The Commissioner accepted Brown's "supplemental" bid and issued him a lease covering the land under consideration. From this decision Singh appealed to the Superior Court where, after a trial de novo, the order of the Commissioner was affirmed. This appeal has been taken from that judgment.

Appellant assigns as error the trial court's determination that Brown's letter increasing his original bid was merely an amendment thereto, and the further conclusion that since the original bid was on the proper form, the amendment was valid.

In accordance with the grant of authority given him by Section 11–302, A.C.A.1939 (now Section 37–284, A.R.S.1956), the Land Commissioner has promulgated general rules and regulations governing leasing of state lands. Rule 6, Article I, Subchapter B, Chapter II of the General Rules and Regulations of the State Land Department, requires bidders, inter alia, to submit their bids on the form enclosed in the notice sent out by the Commissioner, together with the first year's rental in an envelope containing the number of the bid on the outside thereof. Except for his failure to place the docket number on the envelope containing the bid, Brown complied with all of the above requirements insofar as his original bid was concerned. The primary question before us is whether a valid bid may be amended as to amount only by means of an ordinary letter, i. e., without using the official form for submission of bids.

█ Appellant argues that this, in effect, was a new bid by Brown and since it was not on the proper printed form required by the Land Department it was a nullity. In support of this contention appellant suggests that all Brown did by his letter was to supersede his original bid and promise to pay $345.08 to the State without specifying the purpose of the payment or any other pertinent particulars. We cannot agree with appellant. It seemed fairly obvious to the Land Commission and the learned trial judge, and it is clear to this Court, that Brown was merely amending the *amount* of his original bid and in all other respects the original bid was to stand. The primary purpose of the printed form of bid is to insure that a bidder will make certain promises concerning the land to be leased if his bid is accepted. Possibly a secondary purpose is to achieve administrative convenience in handling the bids, filing them, etc. By submitting his original bid on the proper form Brown obligated himself to comply with all the conditions demanded of bidders by the Department. By specifically referring to the original bid in his letter, and changing it as to amount only, it is clear that in all other respects Brown was still bound by the original terms. This is fundamental contract law with respect to the modification of an offer.

As for Brown's failure to submit his amendment on the official form it is signifi-

346

cant that the rules and regulations are silent on amendments and, as a result, there is no official form for the modification of an original bid. In addition, since Brown had already submitted a valid bid wherein he bound himself to agree to certain specified conditions should the lease be awarded to him, we feel that any variation in the amending procedure between that followed by Brown and the technically correct one was merely a minor and insubstantial omission. Cf. Annotation, Bidder's variation from specifications on bid for public work, 65 A.L.R. 835. We agree with the trial judge that "no advantage accrued to the bidder Brown from the manner in which his bid was presented, and that appellant suffered no prejudice from it."

As for Brown's failure to place his docket number on the envelope containing his original bid, in view of the fact that his name and the words "Sealed Bid" appeared on the envelope giving adequate notice to the Department of the nature of the contents thereof and the name of the bidder, we believe this to be a mere technical omission and not cause for excluding the bid from consideration.

The judgment of the lower court is affirmed.

UDALL, WINDES, PHELPS, and STRUCKMEYER, JJ., concur.